**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDDRINIA ROBINSON and | ) | |
| GISELLE PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| CURRIE MOTORS OF FOREST PARK, | ) | |
| | ) | |
| Defendant. | ) | |

```
FILED STAMP: APRIL 24, 2008
08CV2326 J. N.
JUDGE NORGLE
MAG. JUDGE VALDEZ
```

## COMPLAINT

1.      Plaintiffs, EDDRINIA ROBINSON and GISELLE PERRY, bring this action to secure redress for the actions of Defendant, CURRIE MOTORS OF FOREST PARK, in its failure to comply with regulations under the Fair Credit Reporting Act, 15 USC 1681, the Equal Credit Opportunity Act 15 USC 1691 ("ECOA") and for its violations of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 502/2 ("ILCFA").

## PARTIES

2.      Plaintiffs, EDDRINIA ROBINSON and GISELLE PERRY, are persons who at all relevant times resided in Cicero, Illinois and Chicago, Illinois respectively.

3.      Defendant, CURRIE MOTORS OF FOREST PARK, is a corporation whose office is located in Forest Park, Illinois.  Defendant is engaged in the business of extending credit for the purchase of automobiles to consumers through several automobile dealerships.

## ALLEGATIONS
## FACTS COMMON TO ALL COUNTS

4.      In February of 2008, Plaintiff, Eddrinia Robinson ("Robinson"), went to Currie Motors of Forest Park to purchase an automobile.

5.      At that time, Defendant sought to assist Plaintiff in obtaining financing for the transaction by obtaining Plaintiff's credit application and disseminating it among various potential credit grantors.

6.      Upon receipt of the credit application from Robinson, upon information and belief, Defendant gained access to Robinson's credit report through one or more of the major credit reporting bureaus.   Defendant rejected Robinson's credit application and refused to finance the transaction.

7.      Defendant advised her to find a cosigner to purchase an automobile, and on February 26, 2008, Robinson returned to Defendant's place of business and brought Co-plaintiff, Giselle Perry ("Perry") as a cosigner.

8.      Robinson and Perry attempted to purchase a 2007 Chevrolet Malibu however, Defendant now told Robinson that she had to make a $1500.00 down payment on the subject automobile and the purchase was to be solely in Perry's name.

9.      Robinson left the Defendant's place of business with the subject automobile after making the $1500.00 down payment and after Perry was allegedly approved for the loan.

10.     In March of 2008, a few weeks after the purchase of the automobile, Defendant contacted Plaintiffs stating they had to return the vehicle, as Perry had not been approved for financing and therefore, there was no longer a transaction.

11.    Plaintiffs demanded the return of the $1500.00 down payment and were told that it would take 7 to 10 days.

12.    On March 26, 2008, Robinson made her first payment on the subject automobile which Defendant accepted and has also failed to return.

## COUNT ONE
## Violation of Equal Credit Opportunity Act v. Currie Motors of Forest Park

13.    Plaintiffs re-allege the foregoing paragraphs as though the same were set forth at length herein.

14.    Defendant failed to comply with the Equal Credit Opportunity Act, 15 U.S.C. 1691d upon receipt of a credit application and its decision to deny said application.

15.    Plaintiff suffered damages as a result of this failure in that the consumer was deprived of the ability and opportunity to determine the reasons for the denial of credit, to see what information was viewed by the potential creditor to determine its accuracy, and to assure herself that there has been no improper civil rights violations by Defendant.

16.    Plaintiff is entitled to damages including a punitive damage to be levied upon this Defendant.

17.    On information and belief, Defendant knew or should have known that it was violating the ECOA.

WHERFORE, Plaintiffs, EDDRINIA ROBINSON and GISELLE PERRY, request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Attorneys' fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

**COUNT TWO**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

18.    Plaintiffs re-allege the foregoing paragraphs as though the same were set forth at length herein.

19.    When Defendant decided not to finance Plaintiff individually, and only if she were to have a co-buyer assist her with the purchase of the vehicle, Defendant was then and there under an obligation under the Fair Credit Reporting Act to provide the Plaintiff notification orally or in writing of the adverse action taken against her, and the reasons therefore in compliance with 15 U.S.C. 1681m(a).

20.    Defendant failed to comply with 15 U.S.C. 1681m(a).

21.    On information and belief, Defendant knew or should have known that it was violating the FCRA and upon information and belief does so with regularity.

WHERFORE, Plaintiff, ALLISON HERRING, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

e.    Actual damages;

f.    Statutory damages;

g.    Attorneys' fees, litigation expenses and costs of suit;

h.    Such other or further relief as the Court deems just and proper.

**COUNT  III**
**Violation of Illinois Consumer Fraud and Deceptive Business Practices Act**

22.    Plaintiffs re-allege the foregoing paragraphs as though the same were set forth at length herein.

23.     On February 26, 2008, in an effort to purchase the 2007 Chevrolet, Plaintiffs made a down payment of $1500.00 on the subject automobile.

24.     As the sole purchaser of the subject automobile, Perry signed the Retail Installment Contract, Buyer Order, Notice of Requirement to Provide Insurance, Odometer Disclosure Statement and Sales Tax Transaction Return.

25.     After signing all of the required documents, Perry read that if she was not approved for financing she was not permitted to drive the vehicle off the premises.

26.     When Perry questioned Defendant regarding this provision, she was told that if she was not approved for financing she would receive a telephone call from the bank, however, no such telephone call was received.

27.     Around March 15, 2008, Perry received a telephone call from Defendant regarding requesting that she come to the dealership to sign additional paperwork, however when Perry arrived, the dealership was already closed.

28.     On March 19, 2008, Perry received a telephone call from an individual identifying himself as an investigator.  The investigator told Perry that Defendant had left a message stating that she was not approved for financing and must return the automobile by midnight.

29.     Plaintiffs returned the vehicle to the Defendant as demanded

30.     To date, Defendant has failed to return Plaintiffs' $1500.00 down payment in violation of the ILCFA, 815 ILCS 505/2C.

WHEREFORE, Plaintiffs request that the Court:

a.     Enter judgment on Plaintiffs' behalf against Defendant for all actual, punitive and other damages to which Plaintiffs are entitled;

b.     Award attorney's fees, litigation expenses and costs; and

      c.      Grant any other relief deemed just and appropriate

**PLAINTIFFS FURTHER DEMAND A TRIAL BY JURY**

Respectfully Submitted,
**EDDRINIA ROBINSON and GISELLE PERRY**


By:    s/Larry P. Smith
              Attorney for Plaintiffs


Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax    (312) 602-3911
e-mail  lsmith@lpsmithlaw.com